UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FEISER and JILL
CRABTREE,

        Plaintiffs,

v.

JOHN HANCOCK LIFE INSURANCE
COMPANY, a Massachusetts
Corporation,

        Defendants.

Case No. 2:15-cv-14364

Hon. Laurie J. Michelson

Mag. Judge Michael J. Hluchanuik

## DEFENDANT'S MOTION FOR EXTENSION OF TIME FOR RESPONDING TO COMPLAINT

Defendant, under Fed. R. Civ. P. 6(b)(1), moves for an extension of the time to file a response to the Complaint for the following reasons:

1.    Plaintiffs in this case allege breach of contract, promissory estoppel, and a violation of the Uniform Trade Practices Act, in connection with expiration of one plaintiff's long-term care insurance policy in 2013.

2.    Undersigned defense counsel first heard of this case and read a copy of the Complaint on Thursday, January 7, 2016, and was asked by defendant to obtain a 30-day extension of the time for responding to the Complaint.

3.    The Complaint was filed on December 16, 2015.

4. The undersigned defense counsel is uncertain of the facts of service, but is informed and believes that the earliest effort at service would make a responsive pleading due on Monday, January 11, 2016.

5. On January 7, 2016, undersigned defense counsel requested a 30-day extension of the time for response in a telephone conversation with plaintiffs' counsel. Plaintiffs' counsel agreed to extend to February 11, 2016 the time for defendant to answer the Complaint. However, plaintiffs' counsel would not extend the time for other types of responses to the Complaint such as motions. Defense counsel explained that he did not have sufficient information to determine whether any motion was appropriate, or authority to waive potential motions. Plaintiffs' counsel again advised that he agreed to extend the time for answering, but not the time for any motions.

6. Defense counsel at this point has only the 7-page Complaint; does not have a copy of either of the insurance policies cited in the Complaint, does not have a copy of the underlying insurance file, and does not have a copy of the correspondence, checks and other documents cited in but not attached to the Complaint.

7. Defense counsel does not currently know of any motions that would be filed before or with the first responsive pleading, but does not have authority from the defendant to waive motions, and is concerned that it would be

2

professionally irresponsible to agree to plaintiffs' requirement that any motions preceding an answer be waived at this preliminary stage when so little is known about the case.

8. Defendant is unaware of any prejudice to plaintiffs from also including motions in their agreement to extend the time for answering the Complaint to February 11, 2016. No emergency relief is sought in the Complaint. Plaintiff have demanded a jury trial.

9. There is good cause for extending the time for responding to the Complaint. This request is not interposed for delay, and would not cause delay, especially since plaintiffs already agreed to extend the time for answering, and since the events giving rise to this Complaint occurred in 2013 with plaintiffs waiting over two years before filing the Complaint.

10. Accordingly, defendant requests an extension of time for responding to the Complaint, preferably for 30 days from January 11, 2016, but at least for a reasonable time in the discretion of the Court.

11. Defense counsel complied with Local Rule 7.1(a)(2)(A), as stated above, but could not obtain concurrence in the relief sought.

# BRIEF IN SUPPORT OF
# DEFENDANT'S MOTION FOR EXTENSION OF TIME

## PRECISE STATEMENT OF THE ISSUE PRESENTED

Should defendant be granted an extension of the time for filing a response to the Complaint, when plaintiffs consent to an extension for an answer, but not for any motion?

## CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT

Fed. R. Civ. P. 6(b)(1).

## EXTENSION FOR RESPONSE SHOULD BE GRANTED

Defendant relies on the facts stated in its motion, which constitute good cause for an extension, particularly when the effect merely is to include motions in the extension to which plaintiffs agreed for an answer to the Complaint.

This Court has the discretion to extend the time for a response to the Complaint under Fed. R. Civ. P. 6(b)(1), which provides: "When an act may or must be done within a specified time, the Court may, for good cause, extend the time: (A) with or without motion or notice if the Court acts, or if a request is made, before the original time or its extension expires;...."

## RELIEF REQUESTED

Defendant requests an extension of time for responding to the Complaint, preferably for 30 days from January 11, 2016, but at least for a reasonable time in the discretion of the Court. A proposed Order is attached.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

/s/ Dennis M. Haffey
Dennis M. Haffey (P26378)
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
248-203-0813 / 248-203-0763 (fax)
dhaffey@dykema.com

Date: January 11, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys on that system.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

/s/ Dennis M. Haffey
Dennis M. Haffey (P26378)
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
248-203-0813 / 248-203-0763 (fax)
dhaffey@dykema.com

Date: January 11, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM FEISER and JILL CRABTREE, | Case No. 2:15-cv-14364 |
| Plaintiffs, | Hon. Laurie J. Michelson |
| v. | Mag. Judge Michael J. Hluchanuik |
| JOHN HANCODK LIFE INSURANCE COMPANY, a Massachusetts Corporation, | |
| Defendants. | |

## ORDER EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT

The matter before the Court is defendant's Motion For Extension Of Time For Responding To Complaint, and the Court is sufficiently advised in the circumstances.

IT IS HEREBY ORDERED that the time for defendant to respond to the Complaint is extended to February 11, 2016.

Dated: _____

_____
Hon. Laurie J. Michelson